UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JACEK KAZMIERCZAK,
    *Plaintiff*,

v.

NATIONAL INSTITUTE OF STANDARDS
AND TECHNOLOGY *et al.*,
    *Defendants*.

No. 3:21-cv-00508 (JAM)

ORDER TO SHOW CAUSE
WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Jacek Kazmierczak has filed a *pro se* and *in forma pauperis* complaint against numerous defendants that is replete with conspiratorial accusations, including allegations related to the September 11, 2001 terrorist attacks, government attempts to murder him, and failure by government officials to respond to his complaints. Because it appears that the complaint does not allege facts that state a plausible claim for relief, I am issuing this order to show cause for Kazmierczak to file a response explaining why the complaint should not be dismissed.

**BACKGROUND**

Kazmierczak brings this lawsuit against nearly two dozen defendants, including the National Institute of Standards and Technology ("NIST"), the National Security Agency ("NSA"), former President George W. Bush and his Cabinet, former President Donald Trump, the State of Florida, Governor Rick Scott, Pam Bondi, Congressman Bill Posey, and various others.[1]

Many of Kazmierczak's allegations relate to the terrorist attacks of September 11, 2001. Kazmierczak alleges that he "emailed the date, location and method of the attack to Governor

---

[1] Doc. #1 at 1.

1

Jesse Ventura in Minnesota in February 2000" and that the CIA "stole the email" and "used it at the ELS Learning Center (Oakland, CA and possibly Florida) with Hani Hanjour to carry out the 9/11/2001 attacks."[2] He also alleges that he "tried calling John McDowell at the World Trade Center several times in February 2000 to warn him about the possibility of a hijacked plane attack at which point a W.T.C. Building 7 hit crew was sent to his apartment … to try and kill him" and that the NSA also tried to kill Kazmierczak.[3] He alleges that the NIST "used Thermite (spiked with sulfur to form Thermate) to destroy all of the buildings at the World Trade Center as proven by Architects and Engineers for 9/11 Truth."[4]

The complaint further alleges that Kazmierczak "asked President Trump's White House for help on 4 separate occasions in 2017-2018 only to be ignored," that "President Trump also hacked [his] iPhone in December 2020," that he "made multiple posts to the White House youtube videos asking Donald J. Trump to prosecute N.I.S.T.," that he "called the White House and they hung up over 15 times refusing to talk to me," and that he "has been stalked by Trump persons in Sarasota in 2016 until present."[5]

Kazmierczak alleges that Pam Bondi's office "refused to investigate [Kazmierczak's] attempted murder case when [he] called in 2015" and that he "was followed by Governor Scott's men and a woman for 2+ months and threatened to drop [his] case in Sarasota in 2016 by one of them."[6] And he alleges that Congressman Bill Posey has ignored his requests for a meeting and is involved in sedition because he voted not to certify the results of the 2020 elections.[7]

The complaint seeks $3.3 trillion in damages, the prosecution of numerous government

---

[2] *Id*. at 2.
[3] *Id*. at 3.
[4] *Ibid*.
[5] *Id*. at 4-5.
[6] *Id*. at 5.
[7] *Ibid*.

officials, agencies, and companies, and the release of NSA records related to Kazmierczak.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).[8]

If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for the Court to exercise jurisdiction or to grant relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Kazmierczak may respond.

To start, Kazmierczak's claims related to the attacks of September 11, 2001 appear to be well outside any potentially applicable statute of limitations. For example, he seeks $3.3 trillion

---

[8] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

in damages for "[i]ntellectual property theft of original work created by Jacek Kazmierczak in February 2000 to stop the 9/11/2001 attacks being used to carry out the 9/11/2001 attacks."[9] "Civil actions for copyright infringement must be commenced within three years after the claim accrued." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020). Kazmierczak filed his complaint more than 20 years after the copyright infringement allegedly occurred. Accordingly, this claim is clearly time-barred.

To the extent that Kazmierczak asserts claims that are not clearly barred by the statute of limitations, they do not appear to state a claim upon which relief can be granted. The majority of Kazmierczak's claims seek the prosecution of various current and former government officials, government agencies, and private companies for alleged crimes including sedition, terrorism, obstruction of justice, and others. These allegations appear to be frivolous because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, to the extent that Kazmierczak seeks $1.5 billion in damages against former President Trump, his wholly conclusory and conspiratorial allegations do not appear to state any plausible claim upon which relief could be granted.

Finally, Kazmierczak requests "copies of all records held by the N.S.A. about [him] including all of the originals."[10] Although Kazmierczak states that the NSA "refused to disclose Freedom of Information requests to [him] that were filed twice," his complaint does not indicate that he has exhausted his administrative remedies, which is required in order to bring a civil lawsuit under the Freedom of Information Act ("FOIA") or for access to one's records under the Privacy Act of 1974. *See Sussman v. U.S. Dep't of Just.*, 2006 WL 2850608, at *4 (E.D.N.Y.

---

[9] Doc. #1 at 3.
[10] *Ibid*.

2006). Nor does he state when he made any FOIA requests or what was requested. Accordingly, this aspect of Kazmierczak's complaint does not appear to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court will allow Kazmierczak an opportunity to file a response by **April 30, 2021** to explain why this action should not be dismissed.

It is so ordered.

Dated at New Haven this 21st day of April 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge